UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EXECUTIVE CENTER AT FEATHER SOUND CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY and RENAISSANCE RE SYNDICATE 1458 LLOYD'S,

Defendants.

**COMPLAINT FOR A CIVIL CASE**

**Case No.: ______________________**

**JURY TRIAL DEMANDED**

Plaintiff, EXECUTIVE CENTER AT FEATHER SOUND CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Plaintiff is a condominium association organized under the laws of the State of Florida, with its principal place of business in Florida, and is therefore a citizen of Florida.

3. Defendant Mt. Hawley Insurance Company is an insurance company organized under the laws of Illinois, with its principal place of business in Illinois, and is therefore a citizen of Illinois.

4. Defendant Renaissance Re Syndicate 1458 Lloyd's is an unincorporated association comprised of individual underwriting members ("Names"). Upon information and

belief, none of the Names subscribing to the Policy are citizens of the State of Florida. See Exhibit A, Policy000082.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the terms of the subject insurance policy, which contain a mandatory forum selection clause requiring that any dispute arising under the Policy be brought exclusively in state or federal courts located in the State of New York. See Exhibit A, Policy000071.

7. Defendants have contractually agreed to submit to the jurisdiction of the state and federal courts located in New York. See Exhibit A, Policy000071.

8. Pursuant to the terms of the Policy, Defendants have expressly agreed to submit to the jurisdiction of the state and federal courts of New York and to accept service of process in the United States through designated representatives, including authorized agents identified in the Policy's service of suit provisions. See Exhibit A, Policy000071.

9. The Policy provides that all matters arising out of or relating to the Policy, including its interpretation and enforcement, shall be governed by the law of the State of New York. See Exhibit A, Policy000071.

## NATURE OF THE ACTION

10. This is an action for breach of an insurance contract arising from Defendants' failure to pay for covered property damage caused by a named storm.

11. Plaintiff seeks recovery of insurance proceeds due under a commercial property insurance policy issued by Defendants, together with interest, costs, and such other relief as the Court deems just and proper.

## PARTIES

12. Plaintiff is a condominium association organized under the laws of the State of Florida, with its principal place of business located in Florida.

13. Defendant Mt. Hawley Insurance Company is an insurance company authorized to do business in the State of New York.

14. Defendant Renaissance Re Syndicate 1458 Lloyd's is an insurer that issued coverage under the subject policy.

## THE POLICY

15. Defendants issued a commercial property insurance policy, Policy Number MPC0608100 (the "Policy"), to Plaintiff for the policy period August 9, 2024 through August 9, 2025. A true and correct copy of the Policy is attached hereto as Exhibit A.

16. The Policy provides coverage for direct physical loss of or damage to covered property caused by or resulting from any covered cause of loss.

17. The Policy is an all-risk policy that provides coverage unless excluded, such that coverage is afforded unless Defendants can establish the applicability of a specific exclusion.

18. The Policy includes coverage for damage caused by windstorm and named storm events.

19. The Policy insures multiple buildings owned by Plaintiff, including but not limited to the following locations:

(a) 2849 Executive Drive, Clearwater, Florida

(b) 2857 Executive Drive, Clearwater, Florida

(c) 2841 Executive Drive, Clearwater, Florida

(d) 2865 Executive Drive, Clearwater, Florida

(e) 2861 Executive Drive, Clearwater, Florida

(collectively, the "Property").

## THE LOSS

20. On or about October 9, 2024, the Property sustained damage as a result of Hurricane Milton, a named storm.

21. Hurricane Milton produced high winds and wind-driven forces impacting the Property.

22. As a direct result of these conditions, the buildings sustained physical damage, including but not limited to:

(a) damage to roofing systems;

(b) damage to window and door assemblies;

(c) damage to exterior building components; and

(d) resulting interior water intrusion.

23. The damage was not limited to isolated components but affected the building envelope systems, including multiple interrelated components, allowing water to enter and cause additional damage to interior portions of the Property.

24. The loss constitutes direct physical loss or damage within the meaning of the Policy.

## NOTICE AND CLAIM

25. Plaintiff timely reported the loss to Defendants in accordance with the Policy.

26. Defendants acknowledged the claim and assigned Claim Number 00548543.

27. Defendants conducted an investigation of the claim.

28. Plaintiff cooperated with Defendants' investigation and provided access to the Property and requested information.

29. Plaintiff submitted documentation supporting the extent of the loss, including estimates and supporting materials.

**DEFENDANTS' FAILURE TO PAY**

30. Defendants failed to properly adjust the claim.

31. Defendants relied on a limited, repair-based, and outcome-driven assessment that did not account for the full scope of covered damage, resulting in an improper determination that the loss fell below the applicable deductible, and therefore failed to issue payment.

32. Defendants' position is based on an incomplete and inadequate assessment of the loss which failed to account for the full scope and nature of the covered damage to the Property at issue.

33. Plaintiff's investigation identified damage that was materially greater in scope than Defendants' assessment, including damage to roofing systems, fenestration systems, and resulting interior conditions, and reflects a fundamental disagreement between the parties as to the nature, scope, and extent of the damage to the Property.

34. Plaintiff's investigation determined that the damage was substantially more extensive and required significant repair and replacement of building components. Plaintiff's investigation further determined that the damage requires repair and replacement

consistent with the Policy’s coverage provisions, and is not limited to cosmetic or partial repair measures.

35. Plaintiff's investigation, including supporting documentation provided to Defendants, demonstrated that the damage to the Property's fenestration systems, including windows and related components, required replacement rather than isolated repairs. Despite receiving information supporting that conclusion, Defendants failed to reasonably evaluate or account for that evidence and instead relied upon a limited repair-based assessment that materially understated the nature and extent of the covered loss.

36. Defendants have failed and refused to pay the full amount owed under the Policy.

37. Plaintiff has been damaged as a result.

**<u>FIRST CAUSE OF ACTION</u>**

**(Breach of Contract)**

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. The Policy is a valid and enforceable contract.

40. Plaintiff has performed all conditions precedent to coverage under the Policy, including providing prompt notice of the loss, cooperating with Defendants’ investigation, and providing requested information, or such conditions have been waived.

41. Defendants were obligated to pay for covered loss and damage to the Property.

42. The damage sustained by the Property was caused by a covered cause of loss, including Hurricane Milton.

43. Defendants breached the Policy by failing to pay the amounts due for covered damage.

44. In breaching the Policy, Defendants engaged in claims handling conduct that included failing to conduct a reasonable investigation, failing to fairly evaluate the loss in accordance with the Policy's loss adjustment provisions, and adopting an outcome-driven assessment of the claim.

45. Defendants' breach included conducting an unreasonable and inadequate investigation, failing to account for the full scope of covered damage, and improperly minimizing the loss during the adjustment process.

46. As a direct and proximate result of Defendants' breach of the Policy, Plaintiff has sustained damages, including the benefits due under the Policy, the cost to repair and restore the Property, and additional consequential damages that were reasonably foreseeable and within the contemplation of the parties at the time the Policy was issued.

47. Such consequential damages include, without limitation, additional expenses incurred as a result of Defendants' failure to reasonably investigate, properly adjust, and timely pay the covered loss, together with consequential damages recoverable under New York law, pre-judgment interest, post-judgment interest, costs, attorneys' fees to the extent recoverable under applicable New York law, and such other relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants as follows:

(a) Awarding contractual damages in an amount to be determined at trial, including all insurance benefits due under the Policy;

(b) Awarding consequential damages recoverable under New York law;

(c) Awarding pre-judgment and post-judgment interest as permitted by law;

(d) Awarding taxable costs and attorneys' fees to the extent recoverable under applicable New York law;

(e) Awarding such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable. Dated this 30th day of July, 2026.

Respectfully submitted,

*/s/ Javier Delgado, Esq.*
Javier Delgado, Esq.
New York Bar No. 5127998
JDelgado@merlinlawgroup.com
**MERLIN LAW GROUP, P.A.**
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone: 347-503-0880
*Attorneys for Executive Center*